IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA MARQUEZ<br>235 10th Street South<br>Brigantine, NJ 08203<br>　　　　　Plaintiff<br><br>　　v.<br><br>CHEF VOLA, INC. dba CHEF VOLA'S<br>111 S. Albion Plaza<br>Atlantic City, NJ 08401<br><br>　　and<br><br>CHEF VOLA'S MANAGEMENT<br>　COMPANY, LLC dba CHEF VOLA'S<br>111 S. Albion Plaza<br>Atlantic City, NJ 08401<br>　　　　　Defendants | Civil Action No. _____ |

## CIVIL COMPLAINT

Plaintiff, Lisa Marquez, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), and the New Jersey Labor and Workmen's Compensation statute, NJ Rev. State §34:15-39.1(2013) pertaining to discrimination and retaliation while employed at Chef Vola's in Atlantic City, New Jersey. Plaintiff further alleges she was paid incorrectly and/or deprived tips and overtime in violation of the Fair Labor Standards Act and New Jersey In support thereof, Plaintiff alleges and avers:

**Parties**

1. Plaintiff, Lisa Marquez, is an adult female individual approximately fifty-nine (59) years of age who was a server at Chef Vola's working full-time.

2. Defendant, Chef Vola, Inc. doing business as Chef Vola's, is a corporation duly existing under the laws of the State of New Jersey with the requisite number of employees and engaged in interstate commerce such that it is subject to Federal Laws pertaining to employment. At all times, Chef Vola, Inc. was Plaintiff's employer.

3. Defendant, Chef Vola's Management Company, LLC. doing business as Chef Vola's, is a corporation duly existing under the laws of the State of New Jersey with the requisite number of employees and engaged in interstate commerce such that it is subject to Federal Laws pertaining to employment. At all times, Chef Vola's Management Company, LLC was Plaintiff's employer.

4. Defendant, Chef Vola, Inc. and Defendant, Chef Vola's Management Company, LLC (hereinafter jointly and individually referred to as "Defendants") agreed, accepted, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including, but not limited to, Louise Esposito and Albert Esposito.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and this Court has supplemental jurisdiction, 28 U.S.C. §1367, over the New Jersey State Law causes of action.

6. Venue is appropriate before this Court as Defendants reside and all conduct giving rise occurred in the Camden Division. (i.e. Atlantic County).

7. Plaintiff satisfied all prerequisites to bring these employment discrimination claims as she exhausted administrative remedies by having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("NJDCR") and received a Notice of Right to Sue.

### Summary of Facts

8. Plaintiff, Lisa Marquez, was a Server for Defendants from February of 2017 to August 3, 2019, and at the time of her termination, earning around $888.70 a week, working five shifts a week.

9. Defendants operate a cash only BYOB Italian Restaurant with entrée prices that fetch up into the fifty-dollar range and higher.

10. Plaintiff served tables of two, six, and up to eight people at times.

11. At all times, Plaintiff was qualified for her job as a Server and further capable of completing the essential functions of her job, with or without a reasonable accommodation.

12. On Friday, August 3, 2019, however, Plaintiff suffered an injury in the course and scope of her employment when she fell while on the stairs and injured her cervical spine (neck), right shoulder, right wrist, and low back.

13. On Saturday, August 4, 2019, Plaintiff went to work but was very sore and was sent home early by Louise Esposito.

14. Plaintiff's next scheduled workday was Tuesday, August 7, 2019.

15. Plaintiff had experienced swelling and stiffness since her fall and appeared at work on Tuesday, August 7, 2019 but was sent home early again by Albert Esposito.

16. At all times, Plaintiff had informed Defendants of her work-related fall on the stairs and resulting injuries and difficulty working as a result.

17. Plaintiff went to the doctors on Wednesday, August 8, 2019 and was diagnosed with an injury that put her out of work until Friday, August 10, 2019.

18. Plaintiff informed her supervisors of her work related injury, her treatment with doctors as a result of her injuries, and her need to miss work as a result of her injuries and thus had completed her part in initiating a claim for workers' compensation benefits.

19. Defendants, in response, demanded a doctor's note placing Plaintiff out of work.

20. Plaintiff provided that doctor's note.

21. During a text message exchange with Louise Esposito over the doctor's note and not being able to work, Louise Esposito texted that Plaintiff was not a team player.

22. On Thursday, August 9, 2019 during a phone call between Plaintiff and Louise Esposito, Plaintiff was told to find another job.

23. On Friday morning, August 10, 2019—before her scheduled shift—Plaintiff text Louise Esposito that she was confused on whether she was welcome to work. Louise Esposito eventually responded for Plaintiff to find another job but claimed this was due to some prior unrelated incidents that Ms. Esposito had never mentioned previously.

24. Plaintiff disputes the reasons for her termination as pretext to discrimination and/or retaliation.

25. Defendants terminated Plaintiff because of her disability, perceived disability, age, and/or because Plaintiff was attempting to pursue benefits and make a claim for workers' compensation benefits.

26. Previously, in or around the winter of 2018-2019, Plaintiff had sought to make- (or had made) a claim for workers' compensation benefits for bilateral hand conditions, and was being considered for surgery but the surgery never happened because insurance denied the claim.

27. Plaintiff had kept Defendants aware of her claim and that she was scheduled for surgery. Plaintiff had the surgery scheduled during the Winter to avoid peak work time for Defendants.

28. Upon learning the surgery was cancelled due to insurance having denied the claim, Plaintiff informed Defendants she was immediately available for work.

29. Plaintiff was not placed on the schedule and eventually Plaintiff had to appear at Defendants' establishment to demand that Albert Esposito place her back on the schedule.

30. Albert Esposito said at that time he had not placed her on the schedule because "you are suing me."

31. Plaintiff was eventually placed back on the schedule and had been working full duty until her August 3, 2018 injury.

## COUNT ONE
### Wrongful Termination - Age
### Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et. seq.*,
### Plaintiff v. Defendants

32. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

33. Defendants is/are an employer under the ADEA, 29 U.S.C. §630, as it/they is/are engaged in an industry affecting commerce and has/had/have twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

34. Plaintiff is an employee under the ADEA as he is an individual employed by an employer.

35. Plaintiff is protected under the ADEA as she is at least forty (40) years of age. Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

36. Defendants violated the ADEA by disparately treating Plaintiff based on age by having terminated Plaintiff, among other examples.

37. Defendants disparately treated Plaintiff in relation to similarly situated substantially younger employees.

38. Defendants terminated Plaintiff and replaced him with substantially younger employee(s).

39. At all times, Plaintiff remained qualified and capable for all positions worked and/or available for Plaintiff.

40. As a direct and proximate result of Defendants' discrimination and disparate treatment, Plaintiff has suffered loss of wages (backpay) and loss of benefits up through the date of any determination.

41. As Defendants' actions were willful and/or Defendants showed a reckless disregard for whether its discriminatory and disparate conduct was/were prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

42. As a direct and proximate result of Defendants' discrimination and disparate treatment, Plaintiff has suffered loss of wages and loss of benefits into the reasonable future (front pay) including wage loss and loss of benefits, and thus Plaintiff is entitled to a present-day value for those lost future earnings.

43. Plaintiff further seeks equitable remedies including a change to Defendants' discriminatory conduct and/or reinstatement.

WHEREFORE, Plaintiff, Lisa Marquez, demands all relief from Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, recoverable under law and as deemed reasonable and just by the Court.

## COUNT TWO
### Wrongful Termination and Disparate Treatment - Disability
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendants**

44. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

45. Defendants is/are an employer under the ADA as it/they is/are engaged in an industry affecting commerce that has/have 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

46. Plaintiff is a qualified individual with a disability as she has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment." 42 U.S.C. §12102(a) *and also* 29 C.F.R. §1630.2(g).

47. Specifically, Plaintiff's neck, back, and hand conditions limit and/or impair her ability to work and/or perform everyday activities.

48. Alternatively, Defendants perceived Plaintiff as disabled.

49. Plaintiff reasonably availed herself of Defendants' disability policies and took leaves of absence for her conditions, she also informed Defendants.

50. Defendants discriminated against and disparately treated Plaintiff in its discipline and termination.

51. Similarly situated non-disabled persons were treated more favorably.

52. Defendants hired and replaced Plaintiff with someone who is not disabled and/or is or was not perceived as disabled.

53. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of

employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

54. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

55. Alternatively, as Defendants considered Plaintiff's disability in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Lisa Marquez, hereby demands judgment in her favor and against Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Retaliation - Disability
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendants**

56. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

57. Plaintiff engaged in protected activity when she took a leave of absence for her qualified disability.

58. Defendants retaliated against Plaintiff by terminating her.

59. Defendants' foregoing negative and adverse actions and treatment were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

60. Alternatively, evidence exists to show Defendants' foregoing negative and adverse treatment and conduct was causally related to the protected activity, and thus retaliatory.

61. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

62. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

63. Alternatively, as Defendants considered Plaintiff's protected activity in the foregoing conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Lisa Marquez, hereby demands judgment in her favor and against Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT FOUR
### Retaliation - NJ Workers' Compensation Act
*New Jersey Labor and Workmen's Compensation statute, NJ Rev. State §34:15-39.1(2013)*
**Plaintiff v. Defendants**

64. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

65. New Jersey's Labor and Workers Compensation law provides in relevant part:

> It shall be *unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim workmen's compensation benefits from such employer*, ….

N.J. Rev. State §34:15 – 39.1 (2013)(emphasis added).

66. Defendants retaliated and/or discriminated against Plaintiff for having made a claim or attempted to make a claim for workers compensation benefits.

9

67. As a direct and proximate result of Defendants retaliation and/or discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

WHEREFORE, Plaintiff, Lisa Marquez, hereby demands judgment in her favor and against Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT FIVE
### Wrongful Termination, Disparate Treatment, and Retaliation
*New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et. seq.*
### Plaintiff v. Defendants

68. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

69. Defendants is/are an employer under the NJLAD because it is an employer in the State of New Jersey and has the requisite number of employees to be subject to the NJLAD.

70. Under the NJLAD it is an unlawful employment practice, among others, for an employer because of age and/or disability to discriminate against such individual in compensation or in terms, conditions or privileges of employment. N.J.S.A. §10:5-12.

71. Under the NJLAD Under the NJLAD it shall be an unlawful employment action: "for any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act." N.J.S.A. 10:5-12(d).

72. Defendants discriminated against, disparately treated, and/or retaliated against Plaintiff in having terminated her as alleged *supra*.

73. As a direct and proximate result of Defendants' discrimination and/or retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

74. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

75. Plaintiff seeks payment of costs and reasonable attorney's fees.

76. Alternatively, as Defendants' considered and/or were motivated by wrongful discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination and thus the imposition of attorney's fees.

WHEREFORE, Plaintiff, Lisa Marquez, hereby demands judgment in her favor and against Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, for any and all damages deemed necessary and just by the Court.

### COUNT SIX
### Wrongful Withholding of Tips and Non-Payment of Overtime
### Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §207 *et. seq.*
### Plaintiff v. Defendants

77. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

78. Plaintiff worked as a server for Defendant and took orders and delivered food to tables at Defendant's restaurant. Aside from a bus person and occasional help from the kitchen, there were few other persons assisting with the ordering and/or service of food.

11

79. Plaintiff was not paid tips or an hourly rate, instead she was paid a flat fee per shift of around $150.00.

80. Plaintiff was not subject to any exception to rules regarding payment of hourly rates and thus was entitled to "overtime pay" or time and a half for hours worked in excess of forty hours in a workweek.

81. Plaintiff never received overtime pay.

82. Moreover, Plaintiff was underpaid with respect to the amount she earned or generated in tips from her service.

83. On information and belief, Defendants did not pool these tips or taken them into account when paying Plaintiff.

84. Defendants violated 29 U.S.C.A. §207 by having Plaintiff work more than forty (40) hours in a workweek, and not pay her time-and-a-half.

85. Defendants violated 29 U.S.C.A. §211 by failing to keep records of Plaintiff and similarly situated individuals.

86. Defendants did not pay, and/or underpaid Plaintiff in relation to the tips she generated.

87. As a direct and proximate result of Defendants violations of the FLSA, Plaintiff has suffered damages including loss of wages and Plaintiff seeks relief for overtime worked and not paid, tips earned and unpaid, liquidated damages, attorney's fees, and any other damage recoverable under law.

WHEREFORE, Plaintiff, Lisa Marquez, hereby demands judgment in her favor and against Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, for any and all damages deemed necessary and just by the Court.

## COUNT SEVEN
### Wrongful Withholding of Tips and Non-Payment of Overtime
### NJ State Wage and Hour Laws, N.J.S.A. §12:56-3.5 *et. seq.*
### Plaintiff v. Defendants

88.  Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

89.  Defendant has wrongly paid Plaintiff and denied her tip money and overtime pay as alleged *Supra*.

90.  As a direct and proximate result of Defendants violations of New Jersey Law, Plaintiff has suffered damages including loss of wages and Plaintiff seeks relief for overtime worked and not paid, tips earned and unpaid, liquidated damages, attorney's fees, and any other damage recoverable under law.

WHEREFORE, Plaintiff, Lisa Marquez, hereby demands judgment in her favor and against Defendants, Chef Vola, Inc. and Chef Vola's Management Company, LLC, for any and all damages deemed necessary and just by the Court.


DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: October 19, 2020